UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO FRANCO, | Case No.: 1:11-cv-01087-JLT |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF |
| v. | |
| CHOKATOS, JOHN, et al., | (Doc. 9) |
| Defendants. | |

Plaintiff Antiono Franco ("Plaintiff") is a California state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. §1983. Plaintiff filed his initial complaint on July 5, 2011. (Doc. 1). Before the Court is Plaintiff's motion for injunctive relief filed September 21, 2011. (Doc. 9). For the reasons set forth below, Plaintiff's motion for injunctive relief is **DENIED**.

I. **Plaintiff's Allegations**

In his motion for injunctive relief, Plaintiff does not state clearly the specific relief he seeks or identify the persons he asks this Court to enjoin. Plaintiff "affirmatively requests the return of [his] full ADA status of DPW and [his] ADA modification accommodation cell;" however, he does not identify any particular person who should be ordered to comply with his request. (Doc. 9 at 15). Plaintiff likewise expresses concern about the administration of his current medications and speaks

1

1  about his fear that his wheelchair will be taken away from him, but, once again, does not indicate
2  against whom this relief, if any, is sought. (Doc. 9 at 19-20).

3  **II.      Legal Standards**

4  "A preliminary injunction is an extraordinary remedy never awarded as of right." <u>Winter v.
5  Natural Resources Defense Council, Inc.</u>, 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff
6  seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is
7  likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in
8  his favor, and that an injunction is in the public interest." <u>Id.</u> at 374 (citations omitted). An injunction
9  may only be awarded upon a clear showing that the plaintiff is entitled to relief. <u>Id.</u> at 376 (citation
10 omitted). A stronger showing of one element, however, may offset a weaker showing of another.
11 <u>Alliance for the Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131-35 (9th Cir. 2011) (the sliding scale
12 approach to balancing the elements for a preliminary injunction survives <u>Winter</u>).

13 Federal courts are courts of limited jurisdiction, and in considering a request for preliminary
14 injunctive relief, must have before it an actual case or controversy. <u>City of Los Angeles v. Lyons</u>, 461
15 U.S. 95, 102 (1983); <u>Valley Forge Christian Coll. v. Ams. United for Separation of Church and State,
16 Inc.</u>, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it
17 has no power to hear the matter in question. <u>Lyons</u>, 461 U.S. at 102. "[The] triad of injury in fact,
18 causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and
19 the party invoking federal jurisdiction bears the burden of establishing its existence." <u>Steel Co. v.
20 Citizens for a Better Env't</u>, 523 U.S. 83, 103–04, 118 S.Ct. 1003 (1998). Requests for prospective
21 relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which
22 requires the Court to narrowly draw any injunctive relief such that it "extends no further than
23 necessary to correct the violation of the Federal right, and is the least intrusive means necessary to
24 correct the violation of the Federal right."

25 Moreover, "[a] federal court may [only] issue an injunction if it has personal jurisdiction over
26 the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of
27 persons not before the court."* <u>Zepeda v. United States Immigration Service</u>, 753 F.2d 719, 727 (9th
28 Cir.1985) (emphasis added).

**III.     Discussion**

Plaintiff has named the following individuals as defendants in this case: Dr. John Chokatos, J. Morgan, D. Freeman and L. Harton. (See Doc. 1.) However, at this stage of the proceedings, the Court has not yet determined whether Plaintiff has stated any cognizable claim for relief under federal law.[1] As a result, the Court lacks personal jurisdiction over any of the named defendants. "A federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*" Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir.1985) (emphasis added).

It is not clear from Plaintiff's motion that the Court has personal jurisdiction to issue orders sought by Plaintiff. First, Plaintiff has failed to identify the person or persons against whom he seeks the injunctive relief. Second, it is clear that an injunction would not remedy the issued raised by Plaintiff's motion. For example, if Plaintiff was seeking any remedy against his current medical caregivers, the Court would not have jurisdiction to issue any order against these persons, because they are not named defendants in the action. Zenith, 395 U.S. at 112. Additionally, Plaintiff is not presently under the medical care of Dr. Chokatos (Doc. 9 at 10). Thus, an injunction against Dr. Chokatos (even if possible at this juncture) would not allow Plaintiff to regain his full ADA status of DPW, his ADA modification accommodation cell, change the administration of his medication, or assure use of his wheelchair.[2]

///
///
///
///
///

---

[1] The Court has not yet screened Plaintiff's Complaint. (*See* 28 U.S.C. §1915(A) requiring the Court to review complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity for cognizable claims before the Court orders the defendant(s) to be served). The Court will direct the United States Marshal to serve the complaint only after the Court has screened the complaint and determined that it contains cognizable claims for relief against the named defendants.

[2] Plaintiff merely expresses a fear that his wheelchair may be taken from him. Thus, apart from the jurisdictional issues, there does not appear to be a "case or controversy" related to Plaintiff's wheelchair.

3

**IV.  Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for injunctive relief be DENIED.[3]

IT IS SO ORDERED.

Dated:  **August 10, 2012**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

---

[3] Because the Court lacks jurisdiction, the Court does not reach the merits of the motion for injunctive relief.